IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHNNY DEVON,<br><br>Petitioner,<br><br>vs.<br><br>MIKE BATISTA, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 16-29-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Johnny Devon's application for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Devon is a state prisoner proceeding pro se.

**I.   Background/Claims**

Following a plea of guilty, Mr. Devon was convicted in Montana's Thirteenth Judicial District of two counts of Assault with a Weapon. He received a sentence of twenty years, with twelve years suspended. (Doc. 1 at 2.) Devon did not seek direct review of his sentence, and he made no collateral challenges to his sentence. *Id*. at 3-4.

Devon was apparently granted parole in 2014, but he was ordered to complete the Montana Department of Corrections START Program prior to his release. *Id*. at 5. According to Devon, he entered the START program on July 3,

1

2014, and worked to submit a parole plan encompassing the necessary treatment requirements, as he had been instructed. *Id*. Devon states his parole was then "taken away" because he failed to submit a suitable parole plan. *Id*.

A review of the Final Dispositions of the Montana Board of Probation and Parole reveals that in November 2014 a parole rescission hearing was schedule; however, the hearing was continued one month to allow proper notice to the parties.[1] In December 2014, the Board held a subsequent disposition hearing, and Devon's parole was rescinded due to his "failure to develop a suitable parole plan."[2] Devon was to request to reappear before the Board after completing phase two of Sex Offender Treatment. Devon reappeared before the Board in December 2015. His parole was denied, and he was again advised to request a return once he completed treatment.[3]

Devon believes that someone named Annett Carter sabotaged his parole plan. (Doc. 1 at 5.) Devon argues, in essence, that his discharge date will arrive before he completes the second phase of treatment. He contends that he has the requisite treatment arranged in the community and can receive the treatment in Missoula, Billings, or Helena. *Id*. at 6. He also explains that he has other

---

[1] State of Montana Board of Pardons and Parole Final Board Disposition (November 2014), http://bopp.mt.gov/FinalDispositions/2014FinalDispositions (accessed May 27, 2016).
[2] State of Montana Board of Pardons and Parole Final Board Disposition (December 2014), http://bopp.mt.gov/FinalDispositions/2014FinalDispositions (accessed May 27, 2016).
[3] State of Montana Board of Pardons and Parole Final Board Disposition (December 2015), http://bopp.mt.gov/FinalDispositions/2015FinalDispositions (accessed May 27, 2016).

resources in place that would allow him to transition back into the community. *Id*. Devon asks this Court to order that he be placed back in the community, which would allow him to gain employment and reconnect with his family. *Id*. at 8.

**II.     Analysis**

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curiam). It appears that Mr. Devon attempts to advance a due process claim.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. Thus, to state a due process violation an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "Protected liberty interests may arise from two sources—the Due Process Clause itself and the laws of the States." *Id*. (quotation and citation omitted); *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (stating that a protected liberty interest could "arise from the Constitution itself . . . [or] from an expectation or interest created by state laws or

policies.").

It is well established that there exists no substantive federal right to release on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout,* 562 U.S. at 222. With respect to parole hearings, an inmate is constitutionally entitled only to an opportunity to be heard and a statement of reasons why parole was denied. *Swarthout*, 562 U.S. at 220. Likewise, in Montana there is no state-created liberty interest in parole. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P.2d 1157, 1165 (Mont. 1998) (holding that when the Legislature amended the statute in 1989, it eliminated any liberty interest in parole); *see also* Mont. Code Ann. § 46-23-208(1) (providing the parole board *may* release a prisoner on parole when certain criteria are met). Thus, there is neither a constitutional right nor a protected liberty interest at issue in this case.

It is apparent that Mr. Devon disagrees with the Parole Board's decision to deny him release on parole, but he does not advance a claim that he was deprived of anything to which he was entitled. He was given notice of the parole rescission hearing, as set forth above. The original November 2014 hearing was continued for one month to ensure that proper notice was provided. Devon appeared before the Board and was given an opportunity to be heard. He was also advised of the reasons his parole was being rescinded and what he must do to be granted parole.

Also, Mr. Devon reappeared before the Board in December 2015. His argument that he will not complete the second phase of his treatment before his discharge date does not matter for purposes of constitutional analysis. Mr. Devon received the minimal procedural protection required, and that is the "beginning and the end of federal habeas" analysis. *Swarthout*, 562 U.S. at 220. Accordingly, Mr. Devon's petition should be denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Review of Devon's petition demonstrates that he is not entitled to relief as a matter of law. He does not have a liberty interest in parole, and the review he seeks is precluded by *Swarthout*. There are no close questions, and there is no reason to encourage further proceedings. A certificate of appealability should be

denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1. Mr. Devon's petition (Doc. 1) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Devon may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Devon must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 1st day of June, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[4] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.